Birchard, J.
The proof establishes these facts: That Baldwin and wife were an affectionate couple; that she reposed entire confidence in him, as her husband, friend, and spiritual *guide; and it does not show that he was in any respect unworthy of the affection and trust bestowed upon him by this devoted wife. He was a circuit preacher of the Methodist Episcopal church, dependent upon a limited annual stipend for his support. His wife was in ill health, and desirous to bestow upon him a portion of the fortune she had inherited from her parents, in case she should be removed by early death. To accomplish this object, the deed in question was executed, as appears from the deed and answer, *302 at her own instance, three months bef'or'e her death, at a time when she was able to ride four miles, in company with her sister, and another young lady, to effect this object, and wheD, for aught that appears, she was of sufficient mental capacity to make a contract. We are of the opinion that there is not proof, in this case, sufficient to require or justify the setting aside these conveyances, on the ground of want of capacity in Mrs. Baldwin, or for the exercise of any improper or undue influence over her, at the time of executing them.
It is objected, in the next place, that a conveyance by a husband and wife of her separate estate to trustees, upon trust to reconvey to thorn jointly, is invalid in law and equity. It is assumed that the deed is liable to the same objection that exists to a transaction of the kind between guardian and ward. There does not seem to be much analogy between the two cases. Our statute authorizes a wife to convey her property by pursuing a given form, which, in this case, was pursued. Nor can she be treated as laboring under any of the peculiar disabilities incident to infancy. The law does not attempt to limit or control her judgment in the disposition of her property. It is true she can not convey directly to her husband ; and the reason is to be found, not in the fact that he is supposed to have an undue influence over her — not that there is anything unnatural in a wife’s desire to make provision for an affectionate and beloved husband, out of her more ample fortune, but, in the legal fiction, that, by marriage, her existence is merged in that of her husband, and therefore one of the two parties necessary to make a valid contract is wanting. Hence, in a *conveyance from husband to wife, or e converso, the intervention of a trustee is necessary to effect the object; such is the authority in 4 Mason, 45, where a conveyance, scarcely distinguishable in principle from this, was sustained.
The next objection is a want of consideration. The deed of trust expresses the consideration of one dollar, and, in substance, a desire, from love and affection, to make provision for her husband, inasmuch as her brothers and sisters are otherwise amply provided for. Would it be doubtful, in a case where other persons than husband and wife were parties, that this cohsideration is sufficient? If not in such a case, why should it be in this ? Counsel have furnished us no satisfactory reason, and none occurs to our own minds.
*303 The remaining question is, as to the nature of the estate conveyed by the deed from Spencer, the trustee, to Baldwin and wife. The grant is to them “jointly, their heirs and assigns, and to the 3urvivor of them, his or her separate heirs and assigns.”
Complainants contend that this makes them tenants in common with Baldwin, because, otherwise, the deed would be considered as creating a joint tenancy. But the respondent, Baldwin, has a fee by the terms of the grant, which was to him as survivor, and to his heirs and assigns. The deed gave a joint estate to the husband and wife, during their lives, and a grant over to him, as survivor, of the entire estate.
No perpetuity is created by such a grant. He holds title, not upon the principle of survivorship, as an incident to a joint tenancy, but as grantee in fee, as survivor, by the operative words of the deed. The entire estate, by the death of the wife, is vested in him and his heirs. This is the effect of the words of grant, contained in the instrument of conveyance. Bill dismissed.